√Tenga (N)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**

AUG 2

**COMPLAINT UNDER CIVIL RIGHTS ACT 42 U.S.C. § 1983**

**Action Number** 1:13-cv-1031
( to be supplied by the Clerk,
U.S. District Court)
AJT/IDD

Please fill out this complaint form completely. The court needs the information requested in order to assure that your complaint is processed as quickly as possible and that all your claims are addressed. Please print/write legibly or type.

## I. PARTIES

**A. Plaintiff:**

1. (a) RANDOLPH D. KELLY (name) (b) 1068501 (inmate number)
   (c) S.B.C.C P.O.Box 16482
   Chesapeake, VA 23328

Plaintiff MUST keep the Clerk of Court notified of any change of address due to transfer or release. If plaintiff fails to keep the Clerk informed of such changes, this action may be dismissed.

**B. Defendants (s):**

Plaintiff is advised that only persons action under color of state law are proper defendants under section 1983. The Commonwealth of Virginia is immune under the Eleventh Amendment . Private parties such as attorneys and other inmates may not be sued under section 1983. In addition, liability under section 1983 requires person action by the defendant that caused you harm. Normally, the Director of the Department of Corrections, wardens and sheriffs are not liable under section 1983 just because they supervise persons who may have have violated your rights. These persons are liable only if they were personally involved in the alleged deprivation. In addition, prisons, jails, and departments within an institution are not persons under section 1983.

1. (A) HELEN F. FAHEY (name) (B) (Chair.) VA Parole Board (title/job description)
   (C) 6900 Atmore Dr. (address)
   Richmond, VA 23225
2. (A) WENDY K. BROWN (name) (B) (Mgr.) Court and Legal Services (title/job description)
   (C) P.O. Box 26963 (address)
   Richmond, VA 23261

RECEIVED
AUG 15 2013
CLERK, U.S. DISTRICT COURT
RICHMOND, VA

3. (A) SCOTT ROBERTS (name) (B) Probation/Parole Officer (title/job description)

(C) 2425 Nimmo Parkway (address)
Va. Beach, VA 23456

If there are additional defendants, please list them on a separate sheet of paper. Provided all identifying information for each defendant named.

Plaintiff **MUST** provide an address for defendants(s) in order for the court to serve the complaint. If plaintiff does not provide an address for a defendant, that person may be dismissed as a party to this action.

In addition, plaintiff **MUST** provide a copy of the completed complaint and any attachments for **EACH** defendant named..

## II. PREVIOUS LAWSUITS

A. Have you ever begun other lawsuits in any state or federal court relating to your imprisonment? Yes [X] No [ ]

B. If your answer to A is YES: You must describe any lawsuit, whether currently pending or closed, in the space below. [If there is more thatn one lawsuit, you must describe each lawsuit on another sheet of paper, using the same outline and attach hereto.]

1. Parties to previous lawsuit:

Plaintiff(s) Randolph D. Kelly

Defendant(s) Helen F. Fahey, Wendy K. Brown, Scott Roberts

2. Court [if federal court, name the district; if state court, name the country] : United States District Court for the Eastern Dist. of VA

3. Date lawsuit filed: February 11,2013

4. Docket number: Case 1:13-cv-00036-AJT-IDD, Document 3

5. Name of Judge to whom case was assigned: Anthony J. Trenga

6. Disposition [Was case dismissed? Appealed? Is it still pending? What relief was granted, if any?]: Dismissed Without Prejudice

## III. GRIEVANCE PROCEDURE

A. At what instititution did the events concerning your current complaint take place? Norfolk City Jail

B. Does the institution listed in A have a grievance procedure? Yes [X] No [ ]

C. If your answer to B isYes:

1. Did you file a grievance based on this complaint? Yes [X] No [ ]
2. If so, where and when: Dillwyn Corr. Ctr., Feb. 25,2011
3. What ws the result? It was a State matter beyond the control of the Department of Corrections
4. Did you appeal? Yes [ ] No [X]
5. Result of appeal: N/A

D. If thee was no prison grievance procedure in the institution, did you complain to the prison authorities? Yes [X] No [ ]

E. If your answer in **NO**, explain why you did not submit your complaint to the prison authorities. N/A

## IV. STATEMENT OF THE CLAIM

[State here as briefly as possible the facts of your case. Describe how each defendant is involved and how you were harmed by their actions. Also include the names of any other persons involved, dates and places of events. You may cite constitutional amendements you allege were violated, but do not give any legal arguments or cite any cases or statutes.

If you intend to allege several related claims, number and set forth each claim in a separaate paragraph. (Attach additional sheets if necessary.)] ( Claim I )

Petitioner claim that the Virginia Parole Board chairman Helen F.Fahey violated the ex post facto clause of the State and Federal Constitution's particularly Art. 1.10 flatly prohibits retroactive application of penal legislation. Enhancing the the Petitioner's mandatory parole supervision of 6 months to a minimum 5 years fall with the ex post facto prohibition of the Federal Constitution. A law must be retropective that is, it must apply to events occurring before the law's enactment and the law must disadvantage the Petitioner affected by it, by altering the definition of criminal conduct or increasing

the punishment for the crime. Under the Virginia State Law prior to 1995 every person who is sentenced and committed

(See Attachment)

## V. RELIEF

I understand that in a sectin 1983 action the Court cannot change my sentence, release me from custody or restore good time. I understand I should file a petition for a writ of habeas corpus if I desired this type of relief. RK [please initial]

The plaintiff wants the Court to: [check those remedies you seek]

XX Award money damages in the amount of $10,000000.00(Ten Million Dallars)

XX Grant injunctive relief by freeze defendents accounts until out come

____ Other ____

## VI. PLACES OF INCARCERATION

Please list the institutions at which you were incarcerated during the last six months. If you were transferred during this period, list the date(s) of transfer. Provide an address for each institution.

St. Brides Correctional Center

## VII. CONSENT

**CONSENT TO TRIAL BY A MAGISTRATE JUDGE:** The parties are advised of their right, pursuant to 28 U.S.C. § 636 (c) , to have a U.S. Magistrate Judge preside over a jury or court trial, with appeal to the District Court or direct appeal to the U.S. Court of Appeals for the Fourth Circuit.

**Do you consent to proceed before a U.S. Magistrate Judge:**

Yes [X] No [ ]. You may consent at any time; however, any early consent is encouraged.

If you checked Yes, do you wish to have an appeal to the District Court or directly to the U.S. Court of Appeals? (Choose one) District Court

(Attachment)

under the laws of the Commonwealth to the Dept. of Corrections or as provided for in §§ 19.2-308.1, 53.1-152 or § 53.1-153 shall be released on mandatory parole by the Virginia parole board six months prior to his date of final release. Each person so sentenced or committed, however, shall serve a minimum of three months of his sentence prior to such a release. Person who are so released on parole shall be subjected to a minimum of six month's supervision. When the Petitioner was released on mandatory parole the chairman Helen F.Fahey increased his mandatory parole supervision from six months to a minimum of five years.

Wendy K.Brown, who is Court and Legal Services Manager miscalculated the Petitioner's 1990 Old Law conviction sentence when she wrongfully ran the 1990 sentence with the Petitioner's 2003 New Law sentence. Making the Petitioner serve a minimum five year mandatory parole supervision.

( Claim II )

On August 12,2008, your Petitioner was released on parole from the Virginia Department of Corrections. On or about February 12,2009 the Petitioner should have been released from his parole supervision. Mr. Scott Roberts, who is a parole and probation officer issued a arrest warrent under the provision P.B.14.Petitioner was arrested and placed in Norfolk City Jail. Thereafter awaiting revocation.

A letter was written to Mr. Roberts by U.S. Postal Mail in an effert to resolve the misunderstanding regarding his release from parole supervision. Mr. Roberts arbitrarily refused to investigate the matter to determine whether he was rightfully released from supervised parole or to remain thereon. The fact that the Petitioner has a vested right to mandatory parole release. Under Virginia State Law § 53.1-159 the relevant issue is whether parole mandatory release was a condition of the Petitioner's sentence at the time he committed his offense,and that question has been answered affirmatively by the Federal Courts for the inmates incarcerated in Virginia Correctional Facilities. Fender v. Thompson 883 L 2d at 306 the 1995 mandatory parole statute can not be applied to alter the condition of or revoke his preexisting mandatory parole release and supervision. Nevertheless for example,the parole board lawfully may change their guidelines for rendering the parole

decision without violating the Federal and State Constitution prohibitions, in part because those guidelines are purely discretionary and inmates have no legitimate expectation that the guidelines will be followed strictly. These administrative guidelines simply are not substantive " law" for ex post facto purpose. However, the parole board prohibitted and do not possed the judicial power or authority to administratively alter petitioner's six months mandatory parole supervision. When the parole board ordered that the petitioner be incarcerated. The Virginia Department of Corrections Court and Legal section arbitrarily claim that the 2 years 8 months are the time left to be served prior to being released on either his mandatory or good time release date.

Petitioner claim that the law being applied to him is a July 1,1994-1995 law, that was not the law that controlled his good time. Petitioner earned good time credit is controlled by 1987-1990 law. If the petitioner releasedon mandatory parole release, he/she must serve six months on parole supervision,if the petitioner's mandatory parole was revoked after serving six months mandatory parole supervision or reaching his maximun term of confinement that would be retrospective. Those consequences has the effect of prolonging the petitioner's period of imprisonment and thus disadvantaged the petitioner by increasing the petitioner's punishment. It is obvious that the retrospective change is intended to prevent the early parole supervision.

(Claim III )

Petitioner claim that the Virginia Parole Board chairman revoked his parole and Ordered his reincarceration,and revoked his earned good time in violation of the ex post facto clause. The Virginia Parole Board chairman sentenced him to serve a total of 2 years and 8 months in a Virginia Correctional Facility. The law did not at that time give the parole board the authority to revoke the petitioner's earned good time Revoking the petitioner's earned good time credit violates the ex post facto law.

The Petitioner would like to move the Court for an injunction to prohibit the defendants from transferring money,stocks,or bonds from any saving or personal accounts.

(Exhaustion of Administrative Remedies)

The Plaintiff has exhausted his administrative remedies with respect to all claims and all defendents. See Supreme Court Order dated Thursday the 28th day of April,2011. Record No. 110471

# VIRGINIA:

*In the Supreme Court of Virginia held at the Supreme Court Building in the City of Richmond on* Thursday *the* 28th *day of* April, 2011.

Randolph Kelly, No. 1068501, Petitioner,

against Record No. 110471

Warden of the Dillwyn Correctional Center, Respondent.

Upon a Petition for a Writ of Habeas Corpus

On consideration of this case, the Court is of the opinion that habeas corpus does not lie in this matter and that the writ of habeas corpus should not issue as prayed for. See Carroll v. Johnson, 278 Va. 683, 694, 685 S.E.2d 647, 652 (2009). It is therefore ordered that the petition for a writ of habeas corpus filed herein be dismissed.

A Copy,

Teste:

Patricia L. Harrington, Clerk

By: [signature]
Deputy Clerk

## VIII. SIGNATURE

If there is more than one plaintiff, each plaintiff must sign of himself or herself.

Signed this 11th day of August, 2013.

Plaintiff Randolph Kelly